Shella Alcabes, Cal Bar No. 267551
salcabes@freedomfoundation.com
Timothy R. Snowball, Cal Bar No. 317379
tsnowball@freedomfoundation.com
Freedom Foundation
P.O. Box 552
Olympia, WA 98507
Telephone: (360) 956-3482
Facsimile: (360) 352-1874

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| **KIRSTI PARDE, a/k/a KIRSTI EDMONDS-WEST**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**SERVICE EMPLOYEES INTERNATINOAL UNION, LOCAL 721**, a labor organization; **SHERRI R. CARTER**, in her official capacity as Executive Officer/Clerk of Court of the Superior Court of California, Los Angeles County; **COUNTY OF LOS ANGELES**; and **ROB BONTA**, in his official capacity as Attorney General of California,<br><br>Defendants. | Case No.: 2:22-cv-03320<br><br>**SUPPLEMENTAL BRIEFING ON PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT DISCOVERY ON THE ISSUE OF SUBJECT MATTER JURISDICTION**<br><br>Second Am. Compl. Filed: July 22, 2022<br>Hearing Date: October 20, 2022<br>Hearing Time: 08:30 a.m.<br>Courtroom: 9D |

At the hearing on October 20, 2022, the Court requested that Plaintiff provide additional briefing on why this Court must address the Rule 12(b)(1) arguments raised in Defendants' Motions to Dismiss *before* turning to the Rule 12(b)(6) arguments of the Defendants' Motions to Dismiss. The Court should do so for <u>four</u> reasons.

<u>First</u>, the discovery Ms. Parde seeks is very limited but would give me Ms. Parde the ability to rebut SEIU 721's mootness argument. If Ms. Parde can identify how her signature ended up on the 2020 Membership Agreement, she can rebut SEIU 721's argument that her case is moot. SEIU 721's argument that because Ms. Parde alleges that her injury is the result of California state statute and not the 2020 Membership Agreement, she is not entitled to discovery on SEIU 721's procedures is not logically sound. If Ms. Parde discovers that SEIU 721 is responsible for Ms. Parde's unauthorized signature, it still remains the case that the *statute* created the conditions for the unauthorized signature to result in constitutional harm. Discovery, however, helps to clarify the likelihood of recurrence.

<u>Second</u>, without discovery, this Court's ruling on the 12(b)(1) portion of SEIU 721's Motion to Dismiss, and therefore, the Court's own jurisdiction over prospective relief, would be "hypothetical." In *Steel Co. v. Citizens for a Better Environment*, the Supreme Court declined to endorse the "doctrine of hypothetical jurisdiction"—the practice of a court assuming jurisdiction for the purpose of deciding a case on more easily determined merits—because it "offends fundamental principles of separation of powers" by encouraging the court to act outside the bounds of constitutionally authorized judicial action. 523 U.S. 83, 94 (1998). Article III of the U.S. Constitution defines the bounds of constitutionally authorized judicial action and includes the

requirement that "an actual controversy . . . be extant at all stages of review, not merely at the time the complaint is filed." *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 160-61 (2016) (holding that an unaccepted offer cannot moot a plaintiff's claim). However, "[a] case becomes moot . . . only when it is impossible for a court to grant *any effectual relief whatever* to the prevailing party" and "[a]s long as the parties have a concrete interest, *however small*, in the outcome of the litigation, the case is not moot." *Id.* at 161 (internal citations and quotations omitted) (emphasis added). The plaintiff must continue to have a "personal stake in the outcome of the lawsuit." *Id.* (internal citations and quotations omitted).

Here, if the Court does not grant discovery on the issue of whether Ms. Parde's injuries can recur, then it will be very difficult for Ms. Parde to prove she continues to have a personal stake in the litigation, that her personal stake is a concrete interest, and the court may grant her effectual relief. Ms. Parde should be granted discovery on the limited subject of prospective future harm so that the court can both decide the Rule 12(b)(1) challenge and assure itself that jurisdiction is appropriate under Article III of the U.S. Constitution.

<u>Third</u>, this Court cannot rule on the Rule 12(b)(1) portions of the Defendants' Motions to Dismiss if it does so based on facts that are intertwined with the 12(b)(6) merits of the case. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

To illustrate this specifically:

In the 12(b)(6) portion of the Motions to Dismiss, this Court will have to determine, for purposes of a § 1983 argument, whether SEIU 721, a private actor, can

be liable as a state actor. The test for this is laid out in *Collins v. Womancare*, 878 F.2d 1145, 1150–51 (9th Cir. 1989). In *Collins,* the Ninth Circuit held that a private party may be liable as a state actor if: (1) SEIU 721, using state law, deprived Ms. Parde of a constitutional right; and (2) SEIU 721 was acting like a state actor. If this Court rules that Ms. Parde's constitutional deprivations resulted from SEIU 721's improper actions which cannot recur, rather than the state statute that enables the union's conduct, it will be deciding a 12(b)(1) question using 12(b)(6) facts. That mootness and merits are so intertwined means that they must be decided separately.

<u>Fourth</u>, this case is different from *Zielinski, Wright* and *Ochoa* in one fundamental way. In each of those cases, the question before the Court was whether the plaintiffs had standing, and the burden was on each of the plaintiffs to show this. Here, the question is one of mootness, since Ms. Parde filed her case *before* the Defendants stopped dues deductions. Once they did so, she was able to argue that stopping the objectionable conduct *after* the filing of a suit enabled her to use the voluntary cessation exception to mootness. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 189 (2000) ("It is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." (internal quotation marks omitted)). As opposed to proving standing, the "'heavy burden' lies with the party asserting mootness to demonstrate that, after a voluntary cessation, the challenged conduct cannot reasonably be expected to start up again." *Id*. (cleaned up). Therefore, this Court must enable Ms. Parde to rebut the allegations that the Defendants' have satisfied *their* burden that the case is moot.

SEIU 721 cannot unring the bell. It cannot present evidence on the issue of mootness and then claim that that evidence is not dispositive. For this reason and the reasons discussed above, Ms. Parde should be entitled to limited discovery on this issue of how her signature appeared on a membership agreement that she never signed.

Date: October 27, 2022

Shella Alcabes, Cal Bar No. 267551
salcabes@freedomfoundation.com
Timothy R. Snowball, Cal Bar No. 317379
tsnowball@freedomfoundation.com
Freedom Foundation
PO Box 552
Olympia, WA 98507
Telephone: (360) 956-3482
Facsimile: (360) 352-1874

*Attorneys for Plaintiff*